NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN D. RICHARDSON, | No. 17-17381 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01663-DLR |
| v. | |
| DAY & ZIMMERMAN INCORPORATED, a Maryland Corporation doing business in Arizona, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted April 16, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,[***] District Judge.

Plaintiff-Appellant Melvin Richardson appeals the district court's order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

granting summary judgment to Defendant-Appellee Day & Zimmerman, Inc. (DZ) as to his claims for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Arizona Civil Rights Act. *See* 42 U.S.C. § 2000e-2(a)(1); A.R.S. § 41-1463(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Under the *McDonnell Douglas Corp. v. Green* matrix, Richardson must make a prima facie case establishing by a preponderance of the evidence that similarly situated employees not in his protected class were treated more favorably. 411 U.S. 792, 802 (1973). Even "construing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor," Richardson did not provide evidence that similarly situated employees were treated more favorably. *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017).

Richardson pointed to two "similarly situated" white supervisors in his deposition, Thomas Forde and Charles Whitehead, yet failed to identify any way either was treated more favorably than him, even when asked directly. Then, in his post-discovery affidavit, Richardson ambiguously cited "White Superintendents" being treated more favorably because they were able to hire more staff. The district court appropriately found this to conflict with his earlier deposition— Richardson was specifically asked about comparators and could not provide any

17-17381

details about how Forde and Whitehead were treated more favorably. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (Courts "have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his . . . own previous sworn statement.").

2.　Even if Richardson could establish a prima facie case, he fails to establish that DZ's legitimate reason for terminating his employment was pretextual. "Such evidence of 'pretense' must be 'specific' and 'substantial.'" *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998), *amended* (Aug. 11, 1998). Richardson provides no evidence to refute DZ's legitimate concerns of repeated safety incidents and workers' complaints. Richardson argues that it was unwise to blame him as the supervisor for safety errors committed by his workers, yet we "must not substitute [our] own judgment about whether the employment decisions were wise, or even fair, for that of the employer." *Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 602 (9th Cir. 1993).

　　**AFFIRMED.**